## SCHULL v. NEW BIRDSALL CO.

1.  Evidence examined, and held sufficient to show a ratification by defendant of its agent's act in taking a secondhand threshing machine outfit in part payment for a new one.

2.  In the absence of the court's charge it will be presumed that the facts were properly submitted to the jury.

(Opinion filed June 3, 1903.)

Appeal from circuit court, Codington county. Hon. Julian Bennett, Judge.

Action by Robert Schull against the New Birdsall Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*George W. Case,* for appellant.
*John B. Hanten* and *M. E. Sheldon,* for respondent.

Fuller, J.　At the trial of this action to recover the value of a secondhand threshing outfit, together with damages arising from the failure to deliver a new engine, separator, and wind stacker, the jury returned a verdict for plaintiff, and the defendant appealed from a judgment accordingly entered, and from an order overruling a motion for a new trial.

On the 25th day of July, 1898, through the soliciting agents of appellant, whose principal place of business is Auburn, N. Y., respondent, a resident of Codington county, ordered, subject to the approval of the. company, the new machine "to be shipped at once." According to the express terms of this order, appellant was to accept respondent's Advance engine and separator at $1,400, to be applied as a cash payment on the new threshing machinery, and the balance of the purchase price was to be paid according to the terms of certain notes to be executed by respondent, aggregating $1,600. Hess & Rau were the local agents who procured the order, and it may well be conceded that they possessed no actual authority to bind appellant by a contract to accept the old engine and separator in part payment for the new outfit. Appellant was promptly notified that the order had been taken, and on the 28th day of July wired Hess & Rau as follows: ·'Five or six days before can ship wind stacker separators." On receipt of the written order, through one of its general agents, the company responded as follows: "Auburn, N. Y., July 29th, 1898. Messrs Hess & Rau, Watertown, S. D.—Gentlemen: We are in receipt of an order through Mr. Dallman from Rob-

erı Schull for an eighteen horse traction engine and 40x60 separator, with wind stacker, etc., in which there is an 'Advance' Engine and Separator taken in exchange at $1,400.00. We are informed by Mr. Dallman that you take this engine and separator and pay the difference between that and your commission. Will you please confirm this statement and advise us when you expect to make settlement for this; in other words just what your understanding is in regard to it, that we may have it fully understood before entering this order." Mr. Dallman mentioned in this letter, was the general agent of appellant, located at Fond du Lac, Wis., and a Mr. Schrader, an employe of the company, under his direction, had assisted Hess & Rau in securing respondent's order. In response to the foregoing letter, Hess & Rau, under date August 2d, wrote the company in part as follows: "Our proposition to Mr. Schrader was that if he and our Mr. Wilson could secure the order, we would take the old rig for our commission and pay the company the difference between 30 per cent. from the list price, and settle for the same on or before January 1st, 1899. It was necessary to make this price in order to secure the order even at this price. * * * Now this was the understanding; if this is satisfactory, please confirm same so we know where we are at. * * * We sent you the orders by wire, one of these was for Robert Schull and the other was for Mr. Robert Johnson, so in shipping be sure that these orders are not duplicated. Can you not do something to get some of these here as the parties want them at once as threshing is commencing, and our competitors are telling our customers that they don't intend to send the goods. So you see the importance of having the goods on the ground. They are delivering their goods

every day, and it will help us to take other orders, if we had the goods here." From appellant's letter of July 29th, in which it refers to the "Advance engine and separator taken in exchange at fourteen hundred dollars," and other circumstances in evidence, the jury might well infer the ratification of the action of Hess & Rau upon that date, and its own testimony conclusively shows that the order was accepted on the 5th day of August, with full knowledge of what was to be done with the property taken in exchange. On August 6, 1898, the company wired Hess & Rau: "Cannot give exact days. Expect to fill all orders next week in full." On the day following the execution of the order, the secondhand machinery mentioned therein was removed from the premises of respondent. in his absence, by Hess & Rau, who disposed of the same, and have never accounted to appellant therefor. On the 15th day of August, respondent, who was familiar with all that had taken place, notified appellant by letter that he would hold the company liable for damages occasioned by the failure to ship the machinery according to its agreement, and that, if they refused to pay the same, he would have to get another machine. Responding to this five days later, the company wrote respondent as follows: "Yours of the 15th at hand and noted. The conditions that you impose on us in this letter render it necessary for us to cancel your order and we have so telegraphed Hess & Rau today. We have therefore placed your machinery elsewhere. We regret exceedingly being obliged to do this, but we have done everything we possibly could do, and completed your machinery as quickly as we possibly could. We have never had such an unprecedented demand for machinery, especially strawburning, as we have

had this year." On the same day Hess & Rau telegraphed the company as follows: "Wire received. Schull here waiting for new rig. He turned over old toward Birdsall. We have sold and delivered old rig. Cannot cancel. When and what have you shipped? Answer." According to the testimony of appellant, the machinery ordered had been shipped when respondent's letter was received, and its destination was thereupon changed for the purpose of delivering to another purchaser. Under the influence of the Hess & Rau telegram, stating that the old machinery had been sold, and the order could not be canceled, another shipment was made on the 24th day of August, and on the 2d day of September, when the outfit arrived at Watertown, respondent refused to accept the same on account of the delay.

It is clear from the foregoing and other competent testimony that on the 29th day of July appellant was in receipt of the written order, together with positive information from its general agent that the old machinery had been "taken in exchange at fourteen hundred dollars," with the explicit understanding that Hess & Rau would take it, and pay the company the difference between that amount and their commission for making the sale; and, relying upon such arrangement, verified by the letter of Hess & Rau, the order was actually accepted by appellant on the 5th day of August, apparently with full knowledge of every material fact. If the order as accepted was binding upon the parties, and appellant transferred the ownership of the old engine and separator to its agent, it is difficult to see how injury was occasioned by taking the same prior to a time when the new outfit could have been delivered. Under any view of the case, the testimony tending to show ap-

pellant's ratification of the action of its agents in taking the old machinery in part payment for the new, as well as that offered in support of the claim for damages arising from the failure to deliver the new machinery within a reasonable time, is clearly competent, and sufficient to sustain the verdict.

At a former trial of this action a verdict was, directed for respondent, and on appeal from a judgment accordingly entered it was held that the facts should have been submitted to the jury under proper instructions. Schull v. New Birdsall Co., 15 S. D. 8, 86 N. W. 654. As this record discloses a stronger case in favor of respondent than that made at the first trial, and the court below has strictly conformed to the law of the case fully enunciated on the former appeal, appellant's assignment of error requires no further consideration.

A careful examination of the entire record discloses no error arising from the admission or rejection of testimony, and, in the absence of the court's charge, it will be presumed that the facts were properly submitted to the jury.

The judgment appealed from is affirmed.